**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40791
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GUADALUPE NMI COLUNGA-PEREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(M-96-CR-014-06)

August 15, 1997

Before WISDOM, KING and WIENER, Circuit Judges.

PER CURIAM:[*]

Guadalupe Colunga-Perez appeals his conviction for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and possession with intent to distribute more than 1,000 kilograms of marijuana. The defendant contends that the district court erred in denying his motion to suppress

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the marijuana found on his property.  He argues that the officers' conduct before he was read his <u>Miranda</u> rights and handcuffed amounted to a warrantless arrest without probable cause.  The defendant maintains that, as a result, his consent to search was not voluntarily given and the marijuana subsequently discovered was the fruit of an illegal arrest.

Our review of the district court's ruling on the motion to suppress is for clear error.  <u>United States v. Gonzales</u>, 79 F.3d 413, 419 (5th Cir.), <u>cert. denied</u>, 117 S.Ct. 183 (1996).

We conclude that the conduct of the officers in this case did not constitute an arrest before the defendant consented to the search of his property.  Although approximately ten officers were on the property, only two were near the defendant when he consented to the search.  The officers did not threaten or physically restrain the defendant.  The defendant was informed that the officers did not have a search warrant and that he had the right to refuse the request for consent to search the property.  Colunga-Perez signed a written consent form and was described by the officers as being very cooperative.  Finally, the defendant was not handcuffed until the marijuana had been confiscated and he had been apprised of his <u>Miranda</u> rights.  In the light of these facts, we are unable to say that the district court's ruling was clearly erroneous.  See <u>United States v. Valdiosera-Godinez</u>, 932 F.2d 1093 (5th Cir. 1991).

2

**AFFIRMED.**